UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK GALVAN, | No. 2:19-mc-41-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| KENNETH E. DUFFIE, | |
| Defendant. | |

On February 28, 2019, the California Department of Corrections and Rehabilitation ("CDCR") filed an ex parte application for an order staying a deposition of the CDCR. That deposition is set for tomorrow, March 1, 2019. CDCR also requests leave to file a motion to quash the deposition subpoena. ECF No. 1.[1] Despite its title, the CDCR's filing is effectively an ex parte application to shorten time to hear a motion to quash the deposition subpoena. As discussed below, the application does not comply with the court's local rules and must be denied.

In 2013, California state inmate Frank Galvan filed in the United States District Court for the Central District of California a civil action against Kenneth E. Duffie, a dentist whom allegedly removed Mr. Galvan's wisdom teeth without his consent. Declaration of Paul Epstein

---

[1] The ex parte application was submitted to the clerk's office on February 27, 2019, but was not filed until the CDCR paid the required filing fee the following day. ECF No. 3. According, it was not presented to the court's chambers until February 28, the day before the scheduled deposition.

1

("Epstein Decl.") ¶ 3. After Mr. Galvan was appointed pro bono counsel, the court reopened discovery and set March 4, 2019, as the non-expert discovery cut-off date. *Id*. ¶¶ 4, 6. On February 15, 2019, Mr. Galvan served the CDCR, which is not a party to the Central District Court action, a deposition subpoena that noticed its deposition for March 1, 2019. ECF No. 1-1. The CDCR now requests this court stay the deposition or, alternatively, quash the deposition subpoena.[2] ECF No. 1.

     Under the court's local rules, discovery motions shall be noticed for hearing at least twenty-one days from the date of filing and service. E.D. Cal. L.R. 251(a). A party seeking to have a matter heard on shorten time must comply with Local Rule 144, which requires counsel to submit a declaration setting forth the circumstances claimed to justify the matter being heard on shortened time. E.D. Cal. L.R. 144(e). Such a request will not be granted except upon "a satisfactory explanation for the need for the issuance of such an order . . . ." *Id*.

     The CDCR's application fails to justify presenting a motion to quash a deposition subpoena on the day before the deposition. The application reflects that there was adequate time for it to file a motion to quash the deposition subpoena, and if necessary an accompanying ex parte application to hear the motion on a shortened schedule that would still leave time for the court to obtain adequate briefing and to properly consider that matter. The CDCR was served with the deposition subpoena on February 15, 2019. Rather that act immediately, the CDCR delayed such that its ex parte motion was not presented to the court until February 28, 2019—the day before the deposition and nearly two weeks after service. Not only does this fail to comply with the local rules, it leaves Mr. Galvan without adequate time to respond to its application and the court without adequate time to consider and decide the motion.

/////

/////

/////

---

[2] Because the deposition at issue is to be held in Sacramento, the CDCR was required to file in this district any motion seeking to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(d)(3).

2

Accordingly, it is hereby ORDERED that the CDCR's ex parte application (ECF No. 1) is denied.

DATED: February 28, 2019.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE